UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Ronald E. Morrow,

        Plaintiff,

vs.                        Case No.  3:06-cv-543-J-33TEM

Bryan L. Putnal; Terry L. Putnal;
and Specialty Underwriters, LLC,

        Defendants.

_____/

**ORDER**

This cause comes before the Court pursuant to the Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can be Granted and for Lack of Jurisdiction (Doc. # 17), filed by Defendants Bryan and Terry Putnal on December 4, 2006.  Plaintiff Ronald Morrow filed his Response (Doc. # 29) on February 12, 2007. For the reasons stated herein, Defendants' Motion is due to be DENIED.

**I.   STANDARD OF REVIEW**

In deciding a motion to dismiss, the Court "accept[s] the facts of the complaint as true and view[s] them in the light most favorable to the non-moving party." See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)).  A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle it to relief."

<u>75 Acres, LLC v. Miami-Dade County, Fla.</u>, 338 F.3d 1288, 1293 (11th Cir. 2003)(citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim." <u>Conley</u>, 355 U.S. at 47.  All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The statement must be sufficient to afford the defendant "fair notice of what the claim is and the grounds upon which it rests." <u>United States v. Baxter Int'l, Inc.</u>, 345 F.3d 866, 881 (11th Cir. 2003)(quoting <u>Conley</u>, 355 U.S. at 47).

## II.  <u>BACKGROUND</u>

Ronald Morrow is an insurance agent and broker with expertise relating to equipment maintenance insurance coverage.  Equipment maintenance coverage is offered by a limited number of insurance carriers and is designed to benefit organizations by removing the burden of repairing equipment, and lessening the burden of providing ongoing maintenance.

Morrow entered into a contract with Bryan and Terry Putnal because he believed they had contacts with individuals in the state of Florida who would be interested in buying and able to buy equipment maintenance coverage.  Morrow alleges that the purpose of their contract was to market equipment maintenance insurance to the Putnals' contacts in Florida.  Their Marketing Agreement, attached

to the Complaint as Exhibit A, states under "Recitals" that Morrow and the Putnals "have agreed to form an entity for the marketing and sale of 'Equipment Maintenance Insurance Coverage' ('EIC') to various businesses and entities." (Doc. # 1, at 9.)  The Marketing Agreement also states that the Putnals have "a network of individuals it wishes to secure and engage in the marketing/sales process" and "Morrow is experienced in writing EIC business and presently provides EIC to its clients."  (Id.)

Morrow alleges that, pursuant to the Marketing agreement, he introduced the Putnals to Specialty Underwriters for the purpose of facilitating the potential sale of EIC to the Putnals' Florida contacts.  Specialty Underwriters ultimately contracted with the State of Florida in an agreement that yielded profits for the Putnals in excess of several hundred thousand dollars.  Morrow learned of the deal with Specialty Underwriters during negotiations and he specifically made Specialty Underwriters aware of his Marketing Agreement with the Putnals.  Morrow alleges that Specialty Underwriters ignored Morrow's request to only deal with the Putnals through the marketing entity he had formed with them.

## III.  ANALYSIS

In support of their Motion to Dismiss, the Putnals raise three grounds for dismissal of the Complaint.  First, they argue that the Marketing Agreement lacks essential terms, rendering it unenforceable.  Second, they argue that this Court lacks

jurisdiction because the amount in controversy is less than $75,000. Third, they argue that Morrow does not have a right to attorney's fees or an accounting because there is no enforceable contract.

First, the Putnals argue that the Marketing Agreement is unenforceable because it lacks essential terms setting forth the parties' obligations to one another. Specifically, they state that the Agreement does not assign duties or obligations to either party under the operative and enforceable provisions of the contract. The Putnals assert that the language contained in the Recitals portion of the Agreement is not enforceable, citing <u>Johnson v. Johnson</u>, 725 So. 2d 1209 (Fla. 3d DCA 1999) and <u>Rose v. M/V "Gulf Stream Falcon"</u>, 186 F.3d 1345, 1350-51 (11th Cir. 1999).

The Court is not convinced that the Putnals have shown that the Marketing Agreement is an unenforceable contract. First, the Court rejects the argument that the language contained in the Recitals section is not binding. Florida law states that language contained in the Recitals does not control where a discrepancy exists between the Recitals and language found in an operative clause of the agreement. <u>See</u> <u>Johnson</u>, 725 So. 2d at 1213. As the Putnals have not claimed that such a discrepancy exists, the Court need not disregard the Recitals section.

Additionally, for the reasons stated in Morrow's Response (doc. # 29, pp. 2-4), the Court declines to dismiss the Complaint

based on the Putnals' argument that the Marketing Agreement is unenforceable because it lacks certain terms. See e.g., Benson v. Chalfonte Dev't Corp., Inc., 348 So. 2d 557 (Fla. 4th DCA 1977) ("[E]ven though an agreement may be too indefinite in its terms for specific enforcement, it may be certain enough to constitute a valid contract for breach of which damages may be recovered.") (citing Langlois v. Oriola Land Dev't Corp., 283 So. 2d 143 (Fla. 4th DCA 1973)); Southern Leisure Assistance, Inc. v. Lantice and Ronnie Greene, Inc., 453 So. 2d 112 (Fla. 1st DCA 1984); Innkeepers Int'l, Inc. v. McCoy Motels, Ltd., 324 So. 2d 676 (Fla. 4th DCA 1976). Defendants have listed various details of the contract that are not specified, such as the name of the entity, the person charged with forming the entity, the officers and bylaws of the new entity, and an agreement regarding exclusivity. The Court is not convinced that the failure to include these terms is fatal at this stage.

Second, the Putnals argue that this Court lacks jurisdiction to hear this action because the damages involved in this case, if proved, would be less than the $75,000 amount required in diversity actions. To determine the amount in controversy for jurisdictional purposes, the Court looks to the Complaint. Here, the Complaint alleges that the Putnals breached the Marketing Agreement when it contracted with Specialty Underwriters. The amount of income generated from this contract is alleged to be in excess of several

hundred thousand dollars.  Morrow seeks to recover fifty percent of those profits in this action.  Based on the allegations in the Complaint, damages sought in this case exceed the $75,000 jurisdictional amount and the Putnals' argument that this Court lacks jurisdiction based on the amount in controversy is unavailing.

Third, the Putnals argue that "[s]ince there is no enforceable contract, there is no other basis for plaintiff's claim to have a right to an accounting."  (Doc. # 17, p. 7.)  Similarly, the Putnals argue that Morrow's claim for attorney's fees should be denied because "[n]o such independent cause of action is recognized under Florida law."  (Doc. # 17, p. 2.)  Both arguments are predicated on the assertion that the Marketing Agreement is not an enforceable contract.  As the Court has not been convinced of the unenforceability of the Marketing Agreement, it will not dismiss the actions for accounting and attorney's fees on this basis.

## IV.  CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss is due to be denied.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

Defendants' Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can be Granted and for Lack of Jurisdiction (Doc. # 17) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 14th day of May, 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record