UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONALD E. MORROW,

    Plaintiff,

vs.                 Case No.  3:06-cv-543-J-33TEM

BRYAN L. PUTNAL; TERRY L. PUTNAL; AND
SPECIALTY UNDERWRITERS, LLC,

    Defendants.
_____/

**ORDER**

   This cause comes before the Court pursuant to Defendant Specialty Underwriters LLC's Motion for Summary Judgment and Memorandum of Law (Doc. #31) filed on February 19, 2007. Morrow filed a Response (Doc. #37) on March 13, 2007. Specialty Underwriters, with leave of the Court, filed a Reply Brief in Support of Its Motion for Summary Judgment (Doc. # 42) on May 2, 2007. Upon review of the Motion for Summary Judgment, the Response, and the Reply Brief, this Court finds that for the reasons stated below the Motion for Summary Judgment should be denied.

**I. STANDARD OF REVIEW**

   Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v.

Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

"When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324). If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples *ex rel.* Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)).

## II.     BACKGROUND

Morrow is an insurance agent and broker who has an expertise in equipment maintenance insurance coverage. Bryan and Terry Putnal had contacts with individuals in the State of Florida who had the interest and ability to purchase equipment maintenance coverage for the state. Morrow

alleges he entered into a Marketing Agreement with the Putnals on December 18, 2002, to market equipment maintenance insurance to the State of Florida. (Doc. #1 Ex. A.) Thereafter, Morrow states he introduced the Putnals to Specialty Underwriters to facilitate the potential sale of the insurance. On February 12, 2003, SU entered into a consulting agreement with the Putnals, who were to market SU insurance coverage to the State of Florida. (Doc. #31-3 ¶ 3.) Thereafter, SU did contract with the State of Florida to provide equipment maintenance coverage. Morrow alleges that the consulting agreement was made over his objections and in violation of the Marketing Agreement. Morrow further contends that SU was aware of his business relationship with the Putnals and refused his requests that SU deal with the Putnals only through their joint marketing entity.

Morrow filed his Complaint on June 15, 2006. Morrow brought a claim of intentional interference with contract against SU. Morrow alleges that SU "had specific knowledge of [Morrow's] relationship [with the Putnals] and intentionally and without justification interfered with [that] relationship by conducting business only with Putnals to the exclusion of Morrow." (Doc. #1 ¶ 32.) SU brought this Motion for Summary Judgment, alleging that Morrow is unable to establish any element for intentional interference with contract under Florida law.

## III. ANALYSIS

In diversity jurisdiction cases, the law of the forum state applies in substantive matters. Erie R.R. Co. V. Tompkins, 304 U.S. 64, 78 (1938); McMahan v. Toto, 256 F.3d 1120, 1131 (11th Cir. 2001). This case is in federal court based on diversity of citizenship, and the forum state is Florida. The claim is one of tortious interference with contract, which is a substantive matter. The Court find that Florida substantive law properly applies. Cf. Hodges v. Buzzeo, 193 F. Supp. 2d 1279 (M.D.

Fla. 2002) (applying Florida law in claim for tortious interference with contract).  Furthermore, the Court notes that neither party opposes the application of Florida law.

"The elements of tortious interference with a contract or business relationship are: (1) the existence of a business relationship between the plaintiff and a third person, not necessarily evidenced by an enforceable contract, under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant which induces or otherwise causes the third person not to perform; and (4) damage to the plaintiff resulting from the third person's failure to perform."  Seminole Tribe of Fla. v. Times Publ'g Co., 780 So. 2d 310, 315 (Fla. 4th DCA 2001).  SU contends that Morrow is unable to satisfy any element of his claim, and thus summary judgment should be awarded.

SU first alleges that Morrow cannot prove the existence of enforceable contract with the Putnals.  SU argues that the Marketing Agreement lacks several material terms and conditions and the recitals are not binding.  The Court previously addressed these same arguments in the Putnals' Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can be Granted and for Lack of Jurisdiction (Doc. # 17), filed on December 4, 2006.  In the Court's Order (Doc. #43), the Court rejected these arguments, finding that, under Florida law, language contained in a recital will not control where a discrepancy exists between the recital and an operative clause of the agreement.  See Johnson v. Johnson, 725 So. 2d 1209, 1213 (Fla. 3d DCA 1999).  Since the parties did not allege a discrepancy, the Court determined the Recitals were still binding at this stage of the case.  (Doc. #42 at 4.)  Further, the Court held that the lack of certain terms did not invalidate the contract.  (Doc. #42 at 3.)  "[E]ven though an agreement may

be too indefinite in its terms for specific enforcement, it may be certain enough to constitute a valid contract for breach of which damages may be recovered." Benson v. Chalfonte Dev't Corp., Inc., 348 So. 2d 557 (Fla. 4th DCA 1977) (citing Langlois v. Oriola Land Dev't Corp., 283 So. 2d 143 (Fla. 4th DCA 1973). SU has not advanced any further arguments that convince the Court there is not a genuine issue of material fact of whether there was an enforceable contract.

SU next argues that Morrow cannot prove that SU had knowledge of the Marketing Agreement. SU cites Martin Petroleum Corp. v. Amerada Hess Corp., 769 So. 2d 1105 (Fla. 4th DCA 2000) for the proposition that a defendant must have "specific knowledge of the essential terms of the contract before it allegedly induced the breach in order to hold the defendant liable for intentionally interfering with the contract." (Doc. #31 at 12.) The Court's reading of Martin Petroleum does not reveal that holding,[1] and the Court cannot find any support of such a position. In any event, Morrow has provided emails with his affidavit (Doc. #37-2 Ex. B, C, D) that create a genuine issue of material fact as to whether SU had knowledge of the contractual relationship between Morrow and the Putnals. SU also argues that Morrow cannot prove that SU intentionally interfered with the alleged contract, or in the alternative, that SU would have been privileged or justified in interfering with the alleged contract. The Court finds that these same emails create a genuine issue of material fact as to these issues at this stage of the proceedings.

---

[1] The court in Martin Petroleum determined that Hess did not interfere with the contract because it did not induce the breach. Martin Petroleum, 769 So. 2d at 1107. The court merely stated in dicta that "Hess had no knowledge of the terms of the contract." Id. This Court declines to read this one sentence to mean that every defendant must have specific knowledge of all essential terms of a contract to be liable for tortious interference.

Last, SU contends Morrow cannot show he was damaged as a result of the alleged interference.  SU has offered no evidence to support this claim, but merely states that if Morrow suffered any damages, it would be as a result of the Putnals' conduct, not SU's conduct.  Morrow counters that the Marketing Agreement entitled him to fifty-percent of any commission generated by their joint venture, and this commission was lost when SU entered into a separate consulting agreement with the Putnals.  The Court finds there is a genuine issue of material fact as to a determination of any alleged damages.  The Court finds that SU has failed to bear its burden of showing the Court there are no issues of genuine material fact in this case, and as such the motion for summary judgment must be denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion for Summary Judgment (Doc. #31) is hereby **DENIED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 27th day of June, 2007.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record